IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| STEPHEN THOMAS | § | |
| VS. | § | CIVIL ACTION NO. 9:20-cv-163 |
| BOBBY LUMPKIN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Stephen Thomas, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Bobby Lumpkin and Bryan Collier. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendants. (Doc. #36.)

Factual Allegations

Plaintiff was convicted of aggravated robbery in 1980 and sentenced to 60 years of imprisonment. At the time of his conviction, Plaintiff was subject to the laws enacted by the 65th Legislature of Texas. He was subsequently released on parole and reincarcerated when it was determined that he had violated the terms of his release. Plaintiff states that when he returned to prison, his inmate identification number was changed from 317322 to 1784260.

Plaintiff contends he has been improperly subjected to a two year setoff with respect to consideration for release on parole. Plaintiff states that under the law in effect when he was convicted, he should be considered for release every year. He further asserts that, under the prior law, he should be placed in a furlough work program.

The Motion to Dismiss

Initially, Defendants assert that to the extent they are sued in their official capacities for money damages, they are entitled to immunity under the Eleventh Amendment. To the extent they are sued in their individual capacities, they assert any claims for money damages are barred by the

Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In addition, Defendants assert they are entitled to qualified immunity because Plaintiff has no liberty interest in how often he is considered for release on parole or in being placed in a work furlough problem

## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but a plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. A plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

### *Eleventh Amendment Immunity*

"The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Daigle v. Gulf States Utils. Co., Loc. Union No. 2286*, 794 F.2d 974, 980 (5th Cir. 1986). Eleventh Amendment immunity extends to suits for monetary damages against state officials in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169

(1985). Federal claims against state officials in their official capacities are the equivalent of suits against the state. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996).

Based on the authorities cited above, Defendants are entitled to immunity under the Eleventh Amendment for claims for money damages against them in their official capacities. This court therefore lacks subject-matter jurisdiction over any official capacity claim for money damages.

*Qualified Immunity*

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Federal courts use a two-part test to determine whether the defendants are entitled to qualified immunity. *Freeman v. Texas Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). First, the court must determine whether the plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736; *Freeman*, 369 F.3d at 863. If a constitutional right was violated, the court must then decide whether the right was clearly established at the time of the violation. *Freeman*, 369 F.3d at 863. "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Hope*, 536 U.S. at 739 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The court has discretion to decide which prong of the two-part test to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the defense is not valid. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*). In the context of a motion to dismiss for failure to state a claim, the plaintiff's burden is discharged if "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

*Consideration for Release on Parole*

Plaintiff contends he has been denied due process of law because he is only being considered for release on parole every two years rather than annually. He states he should be considered annually because he was entitled to annual reviews based on the law in effect at the time of his conviction.

The Due Process Clause of the Fourteenth Amendment to the Constitution only applies when state procedures impact a protected liberty interest or property interest. *Jordan v. Fisher*, 823 F.3d 805, 810 (5th Cir. 2016). Texas law does not create a liberty interest in parole that is protected by the Due Process Clause and Texas prisoners have no constitutional expectancy of release on parole. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). It is therefore "axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). As a result, considering Plaintiff for release on parole every two years does not violate his right to due process.[1]

For the reasons set forth above, Plaintiff's allegations regarding how often he is considered for release on parole fail to demonstrate a constitutional violation. Defendants are therefore entitled to qualified immunity with respect to this claim.

*Placement in Work Furlough Program*

Plaintiff also asserts he is being denied due process of law because he has not been placed in the work furlough program. However, a prisoner does not have a constitutionally protected liberty or property interest in a particular work assignment. *Jackson v. Cain*, 864 F.2d 1235, 1247 (5th Cir. 1989). Accordingly, this allegation does not establish a constitutional violation. As the

---

[1] Nor does considering Plaintiff for release every two years violate the Ex Post Facto Clause of the Constitution, which prohibits increasing the punishment for a crime after its commission. The imposition of a longer period of time between being considered for release on parole does not violate the Ex Post Facto Clause because considering someone for release less frequently creates only a speculative and attenuated risk of increasing a prisoner's punishment. *Pierce v. Livingston*, 728 F. App'x 370, 371 (5th Cir. 2018).

allegation regarding Plaintiff not being placed in the work furlough program does not establish a constitutional violation, Defendants are entitled to qualified immunity with respect to this claim.

*Release from Prison*

Plaintiff also asks that the court direct that he be released from prison. However, such relief is only available through the filing of a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973).

## Recommendation

The Motion to Dismiss should be granted.[2]

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 10th day of May, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

---

[2] In light of the conclusions reached above, the additional bases for dismissal asserted by Defendants need not be considered.