| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| STEPHEN THOMAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 9:20-CV-163 |
| § | |
| BOBBY LUMPKIN, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Stephen Thomas, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se*, filed the above-styled civil rights lawsuit against Bobby Lumpkin and Bryan Coller.  The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and orders of this court.  The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that a motion to dismiss filed by the defendants be granted.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence.  Plaintiff filed objections to the magistrate judge's Report and Recommendation.  The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

The magistrate judge concluded that to the extent the defendants were sued in their official capacities for money damages, they were entitled to immunity under the Eleventh Amendment. The magistrate judge further concluded that to the extent they were sued in their individual capacities for money damages, the defendants were entitled to qualified immunity. Plaintiff complained of not being considered for release on parole often enough and of not being placed in a work furlough program.  The magistrate judge found that neither of these claims demonstrated a constitutional violation because plaintiff did not have a protected liberty interest in how often he

was considered for release on parole or in a particular work assignment.  Finally, noting that plaintiff asked the court to direct that he be released from prison, the magistrate judge concluded that this type of relief was only available through the filing of a petition for writ of habeas corpus.

In his objections, plaintiff states he was released on parole in 2000.  When his release on parole was revoked in 2012, he asserts he was assigned a different inmate identification number.  Plaintiff states he should not have been given a new identification number and that the new number has adversely affected his consideration for release on parole.

It is not clear that plaintiff receiving a new identification number in 2012 has adversely affected his consideration for release on parole or his placement in the work furlough program.  Moreover, the record does not reflect that the new identification number is the one being used by TDCJ-CID.  In his complaint, plaintiff provides an address that includes his original identification number, 317322.  In the grievances he attached to his complaint, plaintiff used his original identification number.  The grievances were not rejected based on an incorrect identification number being used.  Finally, attached to the complaint is correspondence dated June 18, 2020, that plaintiff received from the Administrative Review and Risk Management Office.  The correspondence states that plaintiff's identification number is 317322.

Plaintiff has failed to demonstrate that his new inmate identification has been improperly relied on by the prison system or even that the new number is currently used by TDCJ-CID.  Moreover, the magistrate judge correctly concluded plaintiff has no liberty interest in how often he is considered for release on parole or whether he is placed in the work furlough program.  Plaitniff's objections are therefore without merit.

### ORDER

Accordingly, the objections filed by plaintiff in this matter (#52) are **OVERRULED**.  The findings of fact and conclusions of law set forth in the report of the magistrate judge (#50) are correct, and the report of the magistrate judge is **ADOPTED**.  The motion to dismiss (#36) is

**GRANTED**. A final judgment shall be entered in accordance with the recommendation of the magistrate judge.

SIGNED at Beaumont, Texas, this 7th day of June, 2023.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE